DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 1 of 10
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 1 of 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2019

x

EMANUEL DELACRUZ, on behalf of
himself and all others similarly situated,

Plaintiff,

-against-                                           Index No.: 1:18-cv-07545

THE BAR METHOD FRANCHISING
INC.,

Defendant.

x

## CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff Emanuel Delacruz ("Plaintiff"), and Defendant, The Bar Method Franchising, Inc. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

### RECITALS

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.  On or about August 19, 2018, Plaintiff, on behalf of himself and all other similarly situated, filed this lawsuit against Defendant. The Plaintiff alleged that Defendant's

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 2 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 2 of 10

website www.barmethod.com ("Website"), contains barriers that prevent full and equal use by people with visual impairments, in violation of Title III of the ADA, 42 U.S.C. §§12181–12189.

4. Defendant expressly denies that the Website violates Title III of the ADA or any other comparable regulation or statute. By entry into this Consent Decree, Defendant does not admit or concede any wrongdoing or liability.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in this lawsuit.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree that for purposes of this lawsuit and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. The Parties agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of

Case 1:18-cv-07545-RA Document 15 Filed 09/04/19 Page 3 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA Document 12 Filed 08/22/19 Page 3 of 10

this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, and ORDERS the following:

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 17 through 23 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on the Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the portions of the Website that Defendant exclusively owns and controls as though it is a stand-alone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its respective Website related operations.

11. Visual Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twenty-four (24) months from the Effective Date; or (b) the

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 4 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 4 of 10

date, if any, that the regulations are adopted in the Department of Justice's anticipated, but yet to be adopted regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

13. Pursuant to the terms of this Consent Decree, Defendant:

(a) shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the portions of the Website that Defendant exclusively owns and controls as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

(b) shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the portions of the Website that Defendant exclusively owns and controls as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

14. Defendant shall engage an experienced accessibility consultant to assess the Website and to provide Defendant with specific recommendations to facilitate website accessibility and conformance with Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA").

15. Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations to only the portions of the Website that Defendant exclusively owns and controls according to the following timeline and requirements provided that the following dates will be extended in the instance that the

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 5 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 5 of 10

Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future.

(a) No later than eighteen (18) months after the Effective Date of this Consent Decree, Defendant shall make reasonable efforts to comply with the recommendations of its consultant to ensure that only the portions of the Website that Defendant exclusively owns and controls are accessible to individuals with Visual Impairment, including conformity with WCAG 2.0 AA or the applicable standard adopted by the Department of Justice.

(b) Defendant shall not be responsible for ensuring that third party content or plug-ins that are not exclusively owned and exclusively controlled by Defendant, but are otherwise located on the Website or linked to or from the Website, is accessible or otherwise conforms to WCAG 2.0 AA.

(c) This Consent Order does not extend to subdomains or webpages that are operated, managed, programmed, or altered by any of Defendant's franchisees.

## PROCEDURES IN THE EVENT OF DISPUTES

17. The procedures set forth in Paragraphs 17 through 19 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

18. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 6 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 6 of 10

notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 23.

19. Within thirty (30) days of either Party receiving notice as described in Paragraph 17, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

20. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 19, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website as set forth herein.

21. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person

with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

22. Any of the time periods set forth in Paragraphs 18 through 21 may be extended by mutual agreement of the Parties.

23. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:    Joseph H. Mizrahi, Esq.
                  Cohen & Mizrahi LLP
                  300 Cadman Plaza West, 12th Floor
                  Brooklyn, NY 11201
                  Email: joseph@cml.legal
                  Phone: 929-575-4175
                  Fax: 929-575-4195

For DEFENDANT:    Joseph J. DiPalma, Esq.
                  Jackson Lewis, P.C.
                  44 South Broadway, 14th Floor

White Plains, New York 10601
Email: joseph.dipalma@jacksonlewis.com
Phone: 914-872-920

## MODIFICATION

24. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

25. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

26. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

27. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

28. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with visual disabilities as defined by the ADA,

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 9 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 9 of 10

including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

29. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

30. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**EMMANUEL DELACRUZ**

DATED: 11/3/2018 9:35:09 AM PDT

By: _____
Emanuel Delacruz

**THE BAR METHOD FRANCHISING, INC.**

DATED: November 16, 2018

By: _____
Frannie Wong
Its: Chief Operating Officer

**APPROVED AS TO FORM AND CONTENT:**

**COHEN & MIZRAHI, LLP**

DATED: 11-4-2018

By: _____
Joseph H. Mizrahi, Esq.
Attorneys for Plaintiff

**JACKSON LEWIS, P.C.**

DATED: 11/4/18

By: _____
Joseph DiPalma, Esq.
Attorneys for Defendant

Case 1:18-cv-07545-RA   Document 15   Filed 09/04/19   Page 10 of 10
DocuSign Envelope ID: 51EDB0A4-32AA-4B50-979D-667BD6BE9246
Case 1:18-cv-07545-RA   Document 12   Filed 08/22/19   Page 10 of 10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

### FINDS AS FOLLOWS:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at Brooklyn, New York, this ___ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

4826-2602-2265, v. 1